UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LINDA GRAVES                                                                               PLAINTIFF

v.                                                CIVIL ACTION NO. 3:10-CV-605-S

LOUISVILLE METRO POLICE DEPT. et al.                         DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Linda Graves, filed a *pro se*, *in forma pauperis* civil-rights complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues the Louisville Metro Police Department; Detective Michael Fields; Officer Aaron McMurry; and Officer Clayton Patton. Her complaint refers to the Fourth Amendment's protection against unreasonable search and seizures and to 18 U.S.C. § 242 and §§ 1584-89. She states that on the morning of April 22, 2005, Plaintiff arrived at her house to find it surrounded by four Louisville Metro Police Department officers. She alleges that they wanted to speak to her son, who lived there too, and that they were intimidating, used profanity, made demands, and "took over" her home. It appears that the officers then questioned her son, who had been asleep, about a burglary and searched "all through" her home. She asks for punitive and compensatory damages.

### II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if

the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Fourth Amendment Claim*

Plaintiff's complaint alleges a violation of the Fourth Amendment. Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness

2

through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). In *Thomas*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Id.* at 499. Plaintiff has no cause of action directly under the Constitution. Therefore, the Court construes Plaintiff's claim under the Fourth Amendment as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, No. 01-6458, 2002 WL 1359388, at *2 (6th Cir. June 20, 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Plaintiff alleges that the violations of the Fourth Amendment occurred on April 22, 2005. Yet, she did not file this complaint until September 24, 2010.[1] Since Plaintiff's complaint was filed outside the one-year limitations period, her Fourth Amendment claim will be dismissed as frivolous, pursuant to § 1915(e)(2)(B)(i). *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

*Claims under the criminal code*

Plaintiff's complaint does not state a claim under 18 U.S.C. § 241 or §§ 1584-89. Those sections of Title 18 are part of the criminal code. Section 241 provides criminal penalties, not civil remedies, for, among other things, "deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States," under color of a state law, statute, ordinance, regulation, or custom. Sections 1584-89 provide criminal penalties for crimes involving slavery and forced labor. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Thus, Plaintiff's claims under the criminal code fail.

---

[1] The Court notes that on April 20, 2007, Plaintiff previously filed a civil-rights complaint in this Court containing allegations about the same, allegedly illegal, search. *Graves v. Fields*, No. 3:07-CV-221-M. Five days after she filed that complaint, she filed a motion to withdraw her complaint stating that she wished to withdraw it because it was untimely. The Court granted her motion and dismissed the action.

4

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint as frivolous and for failure to state a claim.

Date:

cc: Plaintiff, *pro se*
  Defendants
  Jefferson County Attorney
4412.009